UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE LEWIS et al.,

    Plaintiffs,

v.                                                                                Case No. 05-70667

CITY OF DETROIT, a Municipal                        Honorable Patrick J. Duggan
Corporation,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 8, 2006.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs filed an action against the City of Detroit alleging violations of 42 U.S.C. § 1983. Plaintiffs allege that they were arrested without probable cause pursuant to an unconstitutional custom, policy, or practice of the City of Detroit's Police Department to arrest witnesses and others during homicide investigations. Presently before the Court are Plaintiffs' Partial Objections to Magistrate Judge Donald Scheer's Order Regarding Plaintiff's Motion to Compel Discovery, filed on December 23, 2005.

**I.     Procedural Background**

The following requests for production are at issue:

REQUEST FOR PRODUCTION NO. 5

Produce any and all correspondence from 2001 to present between the Defendant and the Department of Justice in anyway regarding the arrest and/or detainment of witnesses and/or suspects in the homicide investigations.

REQUEST FOR PRODUCTION NO. 6

Produce any and all correspondence from 2003 to present between the Defendant and Kroll Associates in anyway regarding the arrest and/or detainment of witnesses and/or suspects in homicide investigations.

In response to both requests, Defendant stated: "All such correspondence is protected from discovery by ¶11 of the consent decree pursuant to which the correspondence was created." The "consent decree" to which Defendant refers is the Consent Judgment in the matter of *United States v. City of Detroit*, E.D. Mich., Case No. 03-72258, an action filed by the U.S. Department of Justice against the City challenging a number of unconstitutional practices and policies of the Detroit Police Department. Paragraph 11 provides:

> This Agreement is binding upon the parties, by and through their officials, agents, employees, and successors. The parties are interested in providing clear lines of authority: In the event of a dispute among officials, agents, employees, or agencies of the City, the Mayor of Detroit is the final authority on behalf of the City as it pertains to this Agreement. This Agreement is enforceable only by the parties. No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement. This Agreement is not intended to impair or expand the right of any person or organization to seek relief against the City or its officials, employees or agents for their conduct or the conduct of DPD officers; accordingly, it does not alter legal standards governing such claims, including those under Michigan law. **This Agreement does not authorize, nor shall it be construed to authorize, access to any City, DPD or DOJ documents by persons or entities other than the Court, the DOJ, the City, and the Monitor.**

(Emphasis added).

Plaintiffs filed a Motion to Determine Sufficiency of Responses to Requests to Admit and Motion to Compel Discovery. Magistrate Judge Scheer held oral arguments on December 1, 2005. At the hearing, Plaintiff argued that although ¶ 11 does not authorize the City to produce documents relating to the City, DPD or DOJ, Plaintiffs are not asking the City to produce such documents pursuant to the Consent Judgment; rather, Plaintiffs are seeking production under the Federal Rules of Civil Procedure and Federal Rules of Evidence. (12/01/05 Partial Hrg. Tr. at 22). Defendant argued that the intent of the paragraph was to make such documents confidential. (12/01/05 Partial Hrg. Tr. at 23-24). At the hearing, Magistrate Judge Scheer found:

> On this issue, I am persuaded that there are public policy issues involved.
>
> The purpose of the Consent Judgment was to rectify, to modify, satisfy the federal government as to certain matters involving the practice of the police. I believe that the position taken by the City in reliance on the terms of the Consent Judgment should be construed as the assertion of a . . . self-critical, analysis-type privilege because the other lawsuit, the Consent Judgment, and the - - the relationship which has existed with the monitor pursuant to that case are all intended for the public benefit by ensuring that police practices are consistent with the Constitution and laws of the United States.
>
> I believe that communications between the monitor and the Department of Justice and between the City and the Department of Justice are intended to facilitate the accomplishment of the goals of that lawsuit, and I think it is fundamentally unfair to request the City to - - to participate in the suit, to engage in self-critical analysis, perhaps, and communicate matters to the federal government in an effort to resolve the dispute, only to have those efforts utilized in other matters as admissions, so I'm going to deny this motion as to Requests for Production 5 and 6 absent an order by Judge Cook, I believe, who is the judge in - - in the other suit, that the privilege should not apply.

(12/01/05 Partial Hrg. Tr. at 24-25).

On December 12, 2005, Magistrate Judge Scheer issued a written order denying Plaintiffs' Requests for Production numbers 5 and 6.

## II.   Standard of Review

28 U.S.C. § 636(b)(1)(A) allows a district court to reverse nondispositive orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law." In addition, Rule 72(a) of the Federal Rules of Civil Procedure provides that "a party may serve and file objections to the [magistrate's] order . . ." and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  "A finding is 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Agricultural Services Ass'n v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir. 1977).

## III.   Applicable Law and Analysis

Plaintiffs argue that Magistrate Judge Scheer's ruling that the self-critical privilege (also referred to as the deliberative process or evaluative privilege) applies is clearly erroneous.  To be protected by this privilege, "a government document must be both 'predecisional' and 'deliberative.'" *Schell v. Dep't of Health and Human Servs.*, 843 F.2d 933, 940 (6th Cir. 1988).  The court must determine whether disclosing the requested documents would expose an agency's decision-making process, discourage discussion within the agency, and undermine the agency's ability to function.  *See id.*

In this case, the Court does not believe that Magistrate Judge Scheer was clearly

4

erroneous in interpreting ¶ 11 of the Consent Judgment to mean that documents relating to the City, DPD or DOJ are protected by the self-critical privilege.  As described by Jamie Fields, a commander in the Detroit Police Department who is the "Police Department's point person in dealing with the monitor and the Department of Justice in complying with the consent judgments," (Def.'s Resp. Ex. C, Fields Aff. ¶ 2), the communications generated among the Department of Justice, the Detroit Police Department, and the monitor in the course of complying with the consent judgments and monitoring that compliance include:

> [D]etailed information on persons arrested, including those who are ultimately not charged; detailed information on persons who complain of police misconduct, many of whom do not want their identities disclosed because of concerns about retaliation; and detailed personnel data on individual police officers.  In those communications we are very forthright in discussing shortcomings we perceive in the operations of the Police Department so that those perceived shortcomings can be effectively addressed and corrected.  If we were not confident that the communications would be treated as confidential, we could not be so forthright because we would need to be concerned about increasing the City's exposure to judgments in civil actions.

(Fields Aff. at ¶ 4).

In this case, the Court agrees with Magistrate Judge Scheer that ¶ 11 was intended to protect such documents from discovery.

Plaintiffs argue that, at a minimum, all "factual" materials should be produced after an *in camera* inspection of the documents to discern which documents contain "evaluative" materials.  The self-critical privilege is outlined in *Kaiser v. Aluminum & Chemical Corp. v. United States*, 157 F. Supp. 939, 944-47 (Ct. Cl. 1958).  *Kaiser* explained that while the privilege applies to "confidential intraagency advisory opinions,"

5

it does not extend to "objective facts" upon which an agency's decisions are based. *Id.* at 946. For example, in *Ostoin v. Waterford Township Police Department*, 189 Mich. App. 334, 471 N.W.2d 666 (1991), the court found that a limited self-critical privilege existed. However, the court distinguished between "factual" information and "evaluative" materials. *Id.* at 339, 471 N.W.2d at 669. In this case, however, the communications that Plaintiffs seek to discover arose out of the Consent Judgment and were intended to be an ongoing evaluation of the Detroit Police Department's activities and compliance with such Consent Judgment. Therefore, the Court does not believe that Magistrate Judge Scheer's order denying Plaintiffs' requests for production numbers 5 and 6 was clearly erroneous.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Partial Objections to Magistrate Judge Scheer's Order Regarding Plaintiffs' Motion to Compel Discovery are **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Steven T. Budaj, Esq.
John P. Quinn, Esq.
Magistrate Judge Donald Scheer