UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE LEWIS et al.,

    Plaintiffs,

v.                                                                                  Case No. 05-70667

CITY OF DETROIT, a Municipal                          Honorable Patrick J. Duggan
Corporation,

    Defendant.
_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO PLAINTIFF ROSE LEWIS
AND
DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO THE REMAINING PLAINTIFFS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 28, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

      Plaintiffs filed an action against the City of Detroit alleging violations of 42 U.S.C. § 1983. Plaintiffs allege that they were arrested without probable cause pursuant to an unconstitutional custom, policy, or practice of the City of Detroit's Police Department to arrest witnesses and others during homicide investigations. Presently before the Court is Defendant's Motion for Judgment on the Pleadings as to All Claims Arising under Michigan

Law and All Claims of Plaintiffs Other than Nathaniel Green, filed on December 22, 2005. In its Motion, Defendant contends that: (1) Defendant is immune from liability on Plaintiffs' tort claims arising under Michigan law; and (2) Plaintiffs' claims pursuant to 42 U.S.C. § 1983, except Plaintiff Green's § 1983 claim, are time barred. By stipulation of the parties, all Plaintiffs' claims arising under Michigan Law are dismissed. Therefore, the only issue before the Court is the timeliness of Plaintiffs' 42 U.S.C. § 1983 claims.

## I. Standard of Review

Defendant seeks judgment on the pleadings pursuant to Rule 12(c), which provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Like a Rule 12(b)(6) motion, a Rule 12(c) motion tests the legal sufficiency of the plaintiff's complaint. *See Scheid v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). When deciding the motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Id.*

## II. Applicable Law and Analysis

Defendant contends that Plaintiffs' § 1983 claims are time barred. The Supreme Court has directed federal courts to apply state personal injury statutes of limitations to claims

2

brought under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985). If the state has multiple statutes of limitations for personal injury actions, courts should use the state's general or residual personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 250, 109 S. Ct. 573, 582 (1989). In Michigan, the three year statute of limitations in MICH. COMP. LAWS ANN. § 600.5805(9) is the uniform limitations period applied to § 1983 claims arising in Michigan. *Whaley v. County of Saginaw*, 941 F. Supp. 1483, 1488 (E.D. Mich. 1996).

Although the statutes of limitations is governed by state law, the question of when a civil rights claim accrues remains one of federal law. *See L.R.L. Props. v. Protage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). A civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Section 1983 claims based on an arrest accrue at the time of the arrest. *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988).

Plaintiffs set forth the dates they were arrested in the second paragraph of their Second Amended Complaint. Of all the Plaintiffs, Rose Lewis has the earliest arrest date of July 7, 1999. Thus, under the three year statute of limitations, Plaintiff Lewis had until July 8, 2002 to file her § 1983 claim. Although Plaintiff Lewis did not file her § 1983 claim until February 18, 2005, the date the original complaint was filed,[1] Plaintiffs contend that the

---

[1] The original complaint named Plaintiffs Rose Lewis, Deyone Bridges, Akeila Claypool, Robert Blackwell, Janarrio Gardner, and Quinton Barber. On June 3, 2005, Plaintiffs filed their First Amended Complaint adding Plaintiffs Eric Blackman, Jason Brown, Nathaniel Green, Daniel Houston, Martinis Irving, Clyde Jackson, Kimberly Jennings, Anthony Myers, Michael

statute of limitations was tolled beyond the three years as a result of a matter previously before this Court, *Abby et al., v. City of Detroit*, E.D. Mich. Case No. 01-71154, pursuant to MCR 3.501(F).[2]  Rule 3.501(F) provides for tolling of the limitation periods on claims of "persons within the class described in the complaint" during the pendency of a putative class action.  Thus, Plaintiffs contend that the limitation periods on their claims were tolled from the date the *Abby* Complaint was filed, or from March 23, 2001, until the entry of this Court's Order denying class certification in *Abby*, on October 30, 2003.

Defendants argue that because there was no class described in the *Abby* Complaint, Plaintiffs are not "persons within the class described in the complaint" and Rule 3.501(F) does not apply.

Plaintiffs point to the following language contained in the *Abby* Complaint:

4. For a period of many years in excess of twenty five [sic], and continuing to the present, the Detroit Police Department has promulgated and enforced a policy in cases involving homicides of knowingly arresting individuals without probable cause and/or reasonable suspicion to form the basis for a belief that the person arrested had committed a crime.

5. As a direct and proximate result of the policy enumerated above, the Detroit Police Department would detain such persons, including the Plaintiff, against their will for hours and at times for days at a time for the alleged purpose of investigation of the suspected crime.

---

McKinney, Michael Patton, Willie Ramsey, Kenneth Towns, Preston West, Jamiel Williams, Shamika Williams, Crystal Williams, Tiffany Taylor, James Richmond and Rozell Richmond, Jr.

[2] Rule 3.501(F) reflects the U.S. Supreme Court's holding that: (1) the filing of a class action will operate to toll the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action; and (2) once the statue has been tolled by the filing of a class action, "it remains tolled for all members of the putative class until class certification is denied."  *Crown, Cork, & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54, 103 S. Ct. 2392 (1983).

6. The arrest and detention of such persons by individual officers acting pursuant to the policy of the Police Department and the Defendant deprived said persons of their rights, privileges and/or immunities secured by the constitutions and laws of the United States and/or of the State of Michigan, including but not limited to the United States Constitution, Amendments IV and XIV, and of the Michigan Constitution, Article 1.

7. The above described practice has continued over a period of many years and involved the arrest without probable cause or reasonable suspicion of several hundreds or thousands of individuals per year resulting in a potential class size of tens of thousands rendering the joinder of all members of the class impracticable within the meaning of Fed. R. Civ. P. 23(a)(1). By way of example, in the year 1998, three people were arrested in the City of Detroit for every murder committed, a rate three times the national average resulting in one of every thirteen people arrested for murder in the United States being a resident of the City of Detroit. (Detroit Free Press, 3/9/01, 3/21/01 and 3/22/01).

The Court believes that this language contained in the *Abby* Complaint adequately defined a class of persons for the purposes of Rule 3.501(F). In this case, Plaintiffs' Second Amended Complaint contains the following language:

7. For a period of many years in excess of twenty-five years, and continuing to the present, the Detroit Police Department has promulgated and enforced a custom, policy or unconstitutional practice in cases involving homicides of knowingly arresting individuals without probable cause to form the basis for a belief that the person arrested had committed a crime and then denying them prompt arraignment as required by law.

8. As a direct and proximate result of the custom, policy or unconstitutional practice enumerated above, the Detroit Police Department detained the Plaintiffs against their will for days at a time for the purpose of investigation of a suspected crime and denied the Plaintiffs the right to a prompt arraignment without unnecessary delay as required by law.

* * *

10. The arrest and detention of the Plaintiffs by individual police officers acting pursuant to the custom, policy or unconstitutional practice of the Detroit Police Department and the Defendant, City of Detroit, deprived the Plaintiffs of their rights, privileges and/or immunities secured by the

5

>> constitutions and laws of the United States and/or of the State of Michigan, including but not limited to the United States Constitution, Amendments IV and XIV.
>
> 11. In all cases involving the Plaintiffs herein, their arrests occurred as a direct and proximate result of the same aforementioned custom, policy or unconstitutional practice of the City of Detroit Police Department and Defendant, City of Detroit, which, as alleged, constituted a violation of the rights of the Plaintiffs as secured by the U.S. Constitution and laws of the State of Michigan.

(Second Am. Compl. at ¶¶ 7-8, 10-11).

Consequently, Plaintiffs are persons within the class described in the *Abby* Complaint and the filing of the *Abby* Complaint tolled their statutes of limitations from running from the date the *Abby* Complaint was filed on March 23, 2001, until October 30, 2003, the entry of this Court's Order denying class certification in *Abby*.

Therefore, calculating the timeliness of Plaintiffs' § 1983 claims using Plaintiff Lewis's arrest date because her arrest date was the earliest, 623 days passed from July 8, 1999[3] to March 23, 2001. An additional 476 days passed from October 30, 2003 to February 18, 2005, the date Lewis filed her claim. Thus, because Plaintiff Lewis waited 1,099 (623 + 476) days to file her claim, her claim was untimely filed outside of the applicable three year statute of limitations (3 x 365 = 1,095).[4] Consequently, Plaintiff Lewis filed her claim four days too late and her claim must be dismissed.

As to the remaining Plaintiffs listed in the Complaint, filed on February 18, 2005, their

---

[3] Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, "the day of the act, event, or default from which the designated period of time begins to run shall not be included."

[4] In concluding that only 1,094 days had elapsed, (see Pls.' Br. at 10), Plaintiffs calculated the days between January 1, 2005 to February 18, 2005, as 44 days. Obviously, this calculation is incorrect.

6

§ 1983 claims were timely filed. The Plaintiff with the second earliest arrest date was Plaintiff Robert Blackwell, who was arrested on August 3, 1999. Calculating the timeliness of Blackwell's claim, 596 days passed from August 4, 1999 to March 23, 2001. An additional 476 days passed from October 30, 2003 to February 18, 2005, the date Blackwell filed his claim. Thus, only 1,072 (596 + 476) days of the permissible 1,095 had passed.

In addition, the Plaintiffs added in the First Amended Complaint, filed on June 3, 2005, also timely filed their § 1983 claims. The First Amended Complaint was filed 105 days after the original complaint. Calculating the timeliness of the added Plaintiffs' § 1983 claims using Plaintiff Patton's arrest date because his arrest date, January 19, 2000, was the earliest of the added Plaintiffs, 427 days passed from January 20, 2000 to March 23, 2001. An additional 581 days passed from October 30, 2003 to June 3, 2005, the date Patton filed his claim. Thus, only 1,008 (427 + 581) days of the permissible 1,095 had passed. Consequently, Plaintiffs' 42 U.S.C. § 1983 claims were timely filed.

Defendant also argues that it was not timely served, citing Michigan's tolling rule. MICH. COMP. LAWS ANN. § 600.5856, which provides, in pertinent part:

> The statutes of limitations or repose are tolled in any of the following circumstances:

(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

MICH. COMP. LAWS ANN. § 600.5856; *see also Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 598 (2003).

The time for service of a summons and complaint is set forth in Rules 2.102(D) and (E)(1) of the Michigan Court Rules, which require service within 91 days after the complaint

7

is filed. Defendant argues that Plaintiffs' Complaint must be dismissed because it was filed on February 18, 2005, and Defendant was not served until June 6, 2005–more than 91 days after the Complaint was filed.

Plaintiffs contend that § 600.5856 does not apply to their § 1983 claims because it is inconsistent with federal law, citing *West v. Conrail*, 481 U.S. 35, 39, 107 S. Ct. 1538, 1541 (1987). Rather, Plaintiffs contend that this Court should apply Rules 3 and 4(m) of the Federal Rules of Civil Procedure. Rule 3 provides that a "civil action is commenced by filing a complaint with the court." Rule 4(m) allows the plaintiff 120 days from the filing of the complaint to serve the defendant.

Federal courts "borrow only what is necessary to fill the gap left by Congress." *West*, 481 U.S. at 40 n.6, 107 S. Ct. at 1542, n.6. Federal courts will not borrow any state tolling rule that is inconsistent with federal law. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 485, 100 S. Ct. 1790, 1795 (1980). In *West*, the U.S. Supreme Court held:

> Although we have not expressly so held before, we now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.

*West*, 481 U.S. at 39, 107 S. Ct. at 1541.

The U.S. Supreme Court further noted:

> When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether the service must be effected within that period. . . . ***This requirement, naturally, does not apply to federal question cases.***

*West*, 481 U.S. at 39 n.4, 107 S. Ct. at 1541 n.4 (emphasis added) (citing *Walker v. Armco*

8

*Steel Corp.*, 446 U.S. 740, 752-53 (1980)).

Moreover, although the Sixth Circuit has not directly applied the holding in *West* to tolling questions in § 1983 actions, other circuits, relying on *West*, have specifically found that because there is no gap in federal law, the Federal Rules of Civil Procedure govern questions relating to filing and service in § 1983 actions. *See, e.g.*, *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995) (finding that it is not necessary to borrow state procedural rules in § 1983 claims, which arise under a court's federal question jurisdiction); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (holding that although state law provides the applicable statute of limitations in § 1983 claims, the Federal Rules of Civil Procedure govern the commencement of the suit for tolling purposes); *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) (same); *Gray v. Lacke*, 885 F.2d 399, 409-10 (7th Cir. 1989) (finding that Wisconsin's tolling rule requiring service on defendants within 60 days for action to be commenced upon filing did not apply to § 1983 action, since there was no deficiency or gap in federal law); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (holding that Rule 3 of the Federal Rules of Civil Procedure provides the tolling rule for a borrowed state statute of limitations in § 1983 actions).

Despite the holding of the U.S. Supreme Court in *West v. Conrail*, and the case law from other circuits applying West to tolling questions in § 1983 claims, Defendant, in its reply brief, continues to assert that state tolling statutes are borrowed in § 1983 cases. However, all of the cases to which Defendant cites are distinguishable. *See, e.g.*, *Allstate v. Hamilton Beach/Proctor-Silex, Inc.*, 2005 U.S. LEXIS 23835 (E.D. Mich. Oct. 18, 2005) (applying MICH. COMP. LAWS ANN. § 600.5856 to state law claims before the court on the

9

basis of *diversity* jurisdiction).

Moreover, Defendant cites to the unpublished case of *Wosniak v. Henderson*, 2000 U.S. App. LEXIS 24870 (6th Cir. Sep. 19, 2000).  In *Wosniak*, the plaintiff brought a 42 U.S.C. § 1983 claim against defendant approximately five years after the cause of action accrued. The plaintiff had previously filed state law claims in state court which were dismissed on the merits.  *Id.* at *5.  The Sixth Circuit, citing to the U.S. Supreme Court's decisions in *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938 (1985), and *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S. Ct. 1790 (1980), applied Michigan's tolling statute, MICH. COMP. LAWS § 600.5856 to plaintiff's § 1983 claim.  *Wosniak*, 2000 U.S. App. LEXIS 24870, at *8-9. However, the Sixth Circuit failed to note that the U.S. Supreme Court's more recent decision in *West v. Conrail*, 481 U.S. 35, 107 S. Ct. 1538 (1987), interpreted the holdings in *Wilson* and *Board of Regents* to support its holding that federal courts "borrow only what is necessary to fill the gap left by Congress."  *West*, 481 U.S. 40, n.6, 107 S. Ct. at 1542, n.6.

In this case, because there is no gap in federal law, Rules 3 and 4(m) of the Federal Rules of Civil Procedure govern questions relating to filing and service in Plaintiffs' § 1983 action against Defendant.  Consequently, following the filing of their Complaint on February 18, 2005, Plaintiffs had 120 days to serve Defendant, or until June 20, 2005.[5]  Because

---

[5] Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, "the day of the act, event, or default from which the designated period begins to run shall not be included."  Thus, Plaintiffs had 120 days from February 19, 2005 to serve Defendant, or until June 18, 2005.  However, because June 18, 2005 was a Saturday, Plaintiffs had until Monday, June 20, 2005, to serve Defendant.  *See* FED. R. CIV. P. 6(a).

Plaintiffs served Defendant on June 6, 2005, service was timely.

Finally, Defendant argues that Plaintiffs did not properly serve Defendant. Even if the Court were to agree that the method Plaintiffs used to serve Defendant was incorrect, failure to obtain service within the 120 day period set forth in the Federal Rules of Civil Procedure is not fatal. Rule 4(m) provides, in relevant part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, ***the court, upon motion or on its own initiative*** after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . ." FED. R. CIV. P. 4(m) (emphasis added); *but see* MCR 2.102(D) and (E)(1)(providing for automatic dismissal of the summons and complaint if service is not obtained within 91 days). Thus, a federal summons and complaint are valid unless and until the court enters an order dismissing the action. In this case, because no such order was entered, the summons and complaint remained valid. Defendant admits that the Court acquired personal jurisdiction over Defendant on the date Defendant filed its answer, July 15, 2005.[6] Therefore, Defendant's argument that it was not properly served is moot.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings as to All Claims Arising Under Michigan Law and All Claims of Plaintiffs Other than Nathaniel Green is **GRANTED AS TO PLAINTIFF ROSE LEWIS** and Plaintiff Rose Lewis's §

---

[6] Insufficient service of process is a basis for dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. However, pursuant to Rule 12(h)(1), "where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of [insufficient service of process], he waives any objection to that defect." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978); *see also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt. Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004).

1983 claim is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings as to All Claims Arising Under Michigan Law and All Claims of Plaintiffs Other than Nathaniel Green is **DENIED** as to the remaining Plaintiffs.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Steven T. Budaj, Esq.
John P. Quinn, Esq.