UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE LEWIS et al.,

    Plaintiffs,

v.                                                                                    Case No. 05-70667

CITY OF DETROIT, a Municipal                               Honorable Patrick J. Duggan
Corporation,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on June 19, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiffs filed an action against the City of Detroit alleging violations of 42 U.S.C. § 1983. Plaintiffs allege that they were arrested without probable cause pursuant to an unconstitutional custom, policy, or practice of the City of Detroit's Police Department to arrest witnesses and others during homicide investigations. On March 28, 2006, this Court issued an Opinion and Order dismissing Plaintiff Rose Lewis's claims as untimely filed. On April 5, 2006, Plaintiffs' filed their Motion for Reconsideration of the Court's Opinion and Order Granting Defendant's Motion for Judgment on the Pleadings as to Plaintiff, Rose Lewis, Only. On April 21, 2006, at the request of the Court, Defendant filed brief in opposition to Plaintiffs' Motion. For the reasons set forth below, Plaintiffs'

Motion for Reconsideration shall be denied.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)   Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiffs contend that the Court did not address Plaintiffs' argument that, even if the Court found that Plaintiffs' claims were not timely filed, the principles of "equitable tolling" would apply to make such Plaintiffs' claims timely.  In the Sixth Circuit, a plaintiff's claim accrues "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Plaintiffs argue that equitable tolling applies because the Defendant engaged in fraudulent conduct that concealed from Plaintiff Lewis the existence of the cause of action, citing *Yeadon v. New York Transit Authority*, 719 F. Supp. 204 (S.D.N.Y. 1999) and *Liuzzo v. United States*, 485 F. Supp. 1254, 1280 (E.D. Mich. 1980).

2

In *Yeadon*, subway passengers alleged that they were wrongfully arrested by New York transit authority police officers under § 1983. *Yeadon*, 719 F. Supp. at 207. Specifically, the plaintiffs alleged that it was the defendant's policy to arrest innocent minorities and then misrepresent to the accused that another subway passenger had reported offensive behavior to the officers. *Id.* The defendant moved for summary judgment contending that the plaintiffs' claims were time barred. *Id.* at 208. The Court concluded that the plaintiffs had created issues of fact as to the availability of deferred accrual or a fraudulent concealment toll on all of their claims. *Id.* The court relied heavily on the fact that the plaintiffs presented evidence that the officers fabricated witnesses. *See id.* at 209-10. The Court explained:

> These misrepresentations may have prevented plaintiffs from discovering that they had been falsely arrested, because, while they knew they were innocent, they nevertheless could believe that their arrests were the result of the claimed witnesses' misperceptions and consequently were supported by probable cause. . . . Witness misperception may have seemed particularly plausible to the arrestees because the cramped conditions of the New York City subways invite erroneous perception of "sexual abuse," offensive rubbing, and "jostling," movement of the hand toward a pocket or purse of another, the two crimes of which every plaintiff was accused.

*Id.*

However, the Second Circuit distinguished the facts in *Yeadon* from other § 1983 claims that do not "depend on what other witnesses might reasonably have perceived and reported to the police." *Pearl v. City of Long Beach*, 296 F.3d 76, 86 (2d Cir. 2002). That Court refused to allow a plaintiff to obtain equitable tolling where he had alleged only a conspiracy among police officers to present false testimony. *Id.* The Court reasoned that the plaintiff was aware of the specific acts upon which he was basing his

3

cause of action: "Knowing what [plaintiff] contends the true facts were, he had reason to believe [the police] were lying, and, because their versions were identical, it was a reasonable inference that the officers had agreed to present their allegedly false versions." *Id.* at 87; *see also McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988) (a § 1983 claim for false arrest accrues at the time the plaintiff is arrested because the plaintiff is deemed to know of the injury). Similarly, in the instant case, Plaintiff Lewis was in the unique position to know whether or not the officers had probable cause to arrest her.

In *Liuzzo*, plaintiffs' decedent was murdered by Ku Klux Klansmen in 1965. *Liuzzo*, 485 F. Supp. at 1275-76. More than ten years later, plaintiffs discovered that one of the Klansmen involved was an FBI agent who was acting as an informant for the government. *Id.* at 1276. Plaintiffs filed suit against the United States and the FBI alleging violations under the Federal Tort Claims Act. The government filed a motion to dismiss contending that the statute of limitations had expired. *Id.* at 1278. Although the court did not explicitly rely on a fraudulent concealment theory, the court found that the statute of limitations was equitably tolled where the government took a number of actions to conceal its agent's involvement in the killing of plaintiff's decedent. The court limited its holding to cases where "the plaintiffs lacked knowledge of the identity of the persons they now allege to be tortfeasors and the fact that the alleged tortfeasors may have been culpably involved in the killing, as well as their status as governmental employees. " *Id.* at 1283. The court reasoned that "[u]nder the circumstances of this case, it would be both unfair and unrealistic to hold that plaintiffs should have investigated their claims earlier,

4

for they had no cause to do so." *Id.*

In contrast, in this case, Plaintiff Lewis knew the identity of the officers who allegedly arrested her without probable cause. In addition, she knew that these officers were City of Detroit employees.

Moreover, although Plaintiffs contend that Defendant has denied the existence of an unconstitutional practice or policy in homicide investigations, this denial does not amount to the fraudulent concealment alleged by Plaintiffs. To establish fraudulent concealment, a plaintiff must show: (1) wrongful concealment of their actions by the defendant; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts. *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir. 1982). Here, Plaintiffs have provided no evidence for the second and third elements: that they did not discover the facts underlying their cause of action within the three year limitations period and that they exercised due diligence until discovery. In fact, in their Response in Opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiffs point out that Defendant had a "**written** policy" and that "[t]he policies **as written**, coupled with a lack of supervision, allow for the unconstitutional arrest of witnesses and suspects." (Resp. at 15 (emphasis added)). Thus, due diligence would have allowed Plaintiff Lewis to discover this policy within the applicable three year statute of limitations period.

Finally, as the Court noted in its March 28, 2006, Opinion and Order, Plaintiff Lewis had until February 14, 2005 to file her § 1983 claim against Defendant. However, Lewis did not file her claim until February 18, 2005–four days too late. Lewis contends

that equitable tolling should apply because Defendant fraudulently concealed the existence of its unconstitutional policy or practice. In light of the fact that the plaintiffs in *Abby et al. v. City of Detroit*, E.D. Mich. Case No. 01-71154,[1] were able to discover this allegedly unconstitutional policy and use this policy as the basis of their complaint, filed on March 23, 2001,[2] the Court does not believe that Plaintiff Lewis was unable to discover such a policy by February 14, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's Opinion and Order Granting Defendant's Motion for Judgment on the Pleadings as to Plaintiff, Rose Lewis, Only is **DENIED**.

                                                                                                                 s/PATRICK J. DUGGAN
                                                                                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Steven T. Budaj, Esq.
John P. Quinn, Esq.

---

[1] Plaintiffs, in this case, argued, and the Court agreed, that the statute of limitations on their § 1983 claims was tolled during the pendency of the putative class action in *Abby* because Plaintiffs are "persons within the class described" in the *Abby* complaint. (Mar. 28, 2006, Op. & Or.).

[2] Like Plaintiffs in this case, on March 23, 2001, the *Abby* plaintiffs filed suit against the City of Detroit alleging they were arrested without probable cause in violation of the Fourth Amendment pursuant to "a custom, policy or practice in cases involving homicides of knowingly arresting individuals without probable cause and/or reasonable suspicion to form the basis for a belief that the person had committed a felony." (*Abby*, First Am. Class Action Compl. ¶5).