UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE LEWIS et al.,

    Plaintiffs,

v.                                                Case No. 05-70667

CITY OF DETROIT, a Municipal          Honorable Patrick J. Duggan
Corporation,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on July 11, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiffs filed an action against the City of Detroit alleging violations of 42 U.S.C. § 1983. Plaintiffs allege that they were arrested without probable cause pursuant to an unconstitutional custom, policy, or practice of the City of Detroit's Police Department to arrest witnesses and others during homicide investigations. Presently before the Court are Defendants' Objection to and Motion for Partial Reconsideration by District Judge of Magistrate Judge's Order Partially Granting and Partially Denying Plaintiffs' Motion to Strike Defendant's Claims of Privilege Regarding the Testimony of Former Deputy Police Chief Pamela Evans, filed on May 1, 2006.

**I.     Procedural Background**

Pamela Evans earned her J.D. at American University and became a member of the Virginia Bar in 1994.  She practiced in Virginia until March of 2002, when she became a Deputy Chief for the Detroit Police Department (DPD).  She held that position until November of 2003, when she returned to Virginia.

While at the DPD, Evans was in charge of the Risk Management Bureau.  According to Evans, the bureau was responsible for "legal issues, risk management issues . . . Department of Justice Compliance issues, medical liability matters, and all those related type of issues."  (Evans Dep. at 8-9).

On December 9, 2005, Plaintiffs deposed Evans.  During the deposition, Plaintiffs' counsel asked Evans questions regarding what another DPD executive, Commander Dennis Richardson, told her about DPD arrest and detention practices to determine what changes needed to be made to comply with the recommendations in one of the Department of Justice technical assistance letters.  At the deposition, counsel for the city of Detroit asserted that the attorney-client privilege applied and instructed Evans not to answer.

On March 10, 2006, Plaintiffs filed their Motion to Strike Defendant's Claims of Privilege Regarding the Testimony of Former Deputy Police Chief Pamela Evans.  On March 13, 2006, this Court referred the motion to Magistrate Judge Donald A. Scheer.  The issues were fully briefed and on April 6, 2006, Magistrate Judge Scheer held a hearing.  On April 17, 2006, Magistrate Judge Scheer issued an Order, which provided, in part:

2

> **IT IS HEREBY ORDERED** that for all the reasons stated on the record, Plaintiffs' Motion to Strike Defendant's Claims of Attorney Client Privilege regarding the testimony of Pamela Evans is granted and said privilege does not apply to the testimony of Pamela Evans except for communications made between her and employees or agents employed by the City of Detroit Law Department.

(Or. 4/17/06).

In its Motion Defendant objects to Magistrate Judge Scheer's ruling that Evans's communications with DPD employees are not protected by the attorney-client privilege.

## II.  Standard of Review

28 U.S.C. § 636(b)(1)(A) allows a district court to reverse nondispositive orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law." In addition, Rule 72(a) of the Federal Rules of Civil Procedure provides that "a party may serve and file objections to the [magistrate's] order . . ." and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." "A finding is 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Agricultural Services Ass'n v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir. 1977).

## III.  Applicable Law and Analysis

The party asserting the attorney-client privilege has the burden of establishing its existence. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). The attorney-client privilege arises:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*Fausek v. White*, 965 F.2d 126, 129 (6th Cir.1992).

At the hearing on April 6, Magistrate Judge Scheer relied on the following in determining that the attorney-client privilege does not apply to Evans's testimony:

1) The fact that the City would not pay her Michigan registration and bar dues;

2) Evans's statement that she did not want to pay to become a licensed attorney in Michigan "if I would not be permitted to utilize that license for the City of Detroit or for the police department, so from that perspective, I never felt as though I was acting as an attorney because I was not permitted to";

3) The fact that a law degree and/or bar membership were not prerequisites for the position of Deputy Chief in the area of Risk Management;

4) The City has a legal department and pays the bar memberships for those employees; and

5) Evans's Virginia bar membership lapsed and there was no evidence that the City offered to maintain it or even encouraged Evans to maintain it.

(4/6/06 Hrg. Tr.).

In its Motion, Defendant argues that there is no evidence in the record that anyone at the DPD communicated to Evans as to why they were not paying her bar dues. Defendant also argues that there is no evidence that the City knew that Evans had allowed her Virginia bar membership to lapse. However, in this Court's opinion, Defendant has

4

failed to meet its burden by pointing to evidence that *does exist* in the record to support its assertion that the attorney-client privilege exists.

Evans was not hired by the City as an attorney. (Evans Dep. at 14). Evans testified that when she attempted to send in paperwork to become licensed in Michigan, "the City of Detroit did not want to forward it or pay for me to receive that license because they did not want me acting in a legal capacity for the City." (*Id.* at 18). Evans contends that she never felt as though she was acting as an attorney. (*Id.*).

The only testimony that Defendant points to in support of its contention that the City believed Evans was acting in a legal capacity is an affidavit from Ella M. Bully-Cummings, the current DPD Chief of Police. In the Affidavit, Bully-Cummings contends that Evans provided legal expertise (Def.'s Mot. Ex. C, Bully-Cummings Aff. ¶3), and that "it was clearly understood by all involved that [Evans's interviews with executives regarding compliance with the DOJ's technical assistance letters] were confidential" (*id*. ¶7). However, Evans herself testified that she did not believe that an attorney-client privilege existed. (Evans Dep. at 29). In addition, there is no testimony from any of the executives asserting that they believed their communications with Evans were confidential or that they believed Evans was acting as an attorney for the City. Therefore, the Court does not believe that Magistrate Judge Scheer's finding that the attorney-client privilege does not apply to the testimony of Evans was clearly erroneous.

Accordingly,

**IT IS ORDERED** that Defendant's Objection to and Motion for Partial Reconsideration by District Judge of Magistrate Judge's Order Partially Granting and

Partially Denying Plaintiffs' Motion to Strike Defendant's Claims of Privilege Regarding the Testimony of Former Deputy Police Chief Pamela Evans is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Steven T. Budaj, Esq.
John P. Quinn, Esq.
Magistrate Judge Donald Scheer

6